STATE OF MAINE                               SUPERIOR COURT
YORK, ss.                                    CIVIL ACTION
                                             DOCKET NO. RE-12-005
FRANCES DANIELIAN          )                 JON - YORCV 2/25/2013
                           )
        Plaintiff,         )
                           )                 ORDER
    v.                     )
                           )
ESTATE OF MACLAREN H.      )
MACGREGOR, et als.         )
                           )
        Defendants.        )
                           )


I.      Background

        Plaintiff, Frances Daniellian, began working as a caretaker for Mr. MacLaren

H. MacGregor in about 2004 or 2005. (Daniellian Depo. 26:20-25). Plaintiff assisted

Mr. MacGregor with activities such as basic household chores, shopping, grooming

and hygiene, transportation, paperwork and paying bills. (Daniellian Depo. 36:2-

37:2). Over the time Plaintiff worked for Mr. MacGregor, Plaintiff contends that they

became a couple and began to live together. (Daniellian Aff ¶1). Mr. MacGregor had

paid for aspects Plaintiff's divorce during her divorce proceeding. (Daniellian Aff

¶7). On July 29, 2011 Mr. MacGregor signed a check (the "Check") and gave it to

Plaintiff without filling out any other portions of the Check. (Daniellian Depo. 39:7-

18; 40:20-21; 41:21-44:3). On August 8, 2011, Plaintiff filled out the remaining

portions of the check with her divorce attorney. (Daniellian Depo. 43:4-44:13). The

amount of the Check was $357,079.00. (See Plaintiff's Complaint). It was drawn

against an account held by the MacGregor Living trust and payable to the law firm of

Waldrom, Doleac, Woodman. Plaintiff alleges that Mr. MacGregor gave Plaintiff the

1

money as a gift to satisfy the terms of her divorce settlement. (Daniellian Aff ¶12).

The Check was not honored during Plaintiff's lifetime. (Plaintiff's Complaint Ex. A).

Mr. MacGregor died on August 10, 2011.

Plaintiff filed this case on January 6, 2012 for Declaratory Judgment, Breach

of Contract, Promissory Estoppel, Equitable Estoppel, Quantum Meruit, Conversion,

Breach of Gift, and Interference with a Contractual Relationship. (Plaintiff's

Complaint). All of Plaintiff's claims concern her ability to recover the amount of

$357,079.00 as she alleges Mr. MacGregor gifted to her by check prior to his death.

Defendant now moves the Court for Summary Judgment.


II.     Standard

When a Defendant moves for Summary Judgment, "the plaintiff must establish a

prima facie case for each element of [the] cause of action that is properly challenged in

the defendant's motion." Flaherty v. Muther, 2011 ME 32, ¶38, 171 A.3d 640, 652-653.

The burden then shifts to the Defendant to show that there is no genuine issue of material

fact. Summary Judgment is appropriate where no genuine issue of material fact exists and

the moving party is entitled to judgment as a matter of law. Beal v. Allstate Ins. Co., 989

A. 2d 733, 738 (Me. 2010); Dyer v. Department of Transportation, 951 A.2d 821, 825

(Me. 2008). When reviewing a Motion for Summary Judgment, the Court reviews the

parties' statements of material facts and the cited record evidence in the light most

favorable to the non-moving party. Id.

A genuine issue of material fact exists where the fact finder must make a

determination between differing versions of the truth. Reliance National Indemnity v.

2

Knowles Industrial Services Corp., 2005 ME 29, ¶7, 868 A.2d 220, 224, citing Univ. of Me. Found. V. Fleet Bank of Me., 2003 ME 20, ¶20, 817 A.2d 871, 877. Furthermore, "a fact is material if it could potentially affect the outcome of the case." Id.

### III.  Discussion

An inter vivos gift is "a gift of personal property made during the donor's lifetime and delivered to the donee with the intention of irrevocable surrendering control over the property." Black's Law Dictionary 758 (9th ed. 2009). In order to show that an inter vivos gift was made and that a plaintiff/donee is entitled to the inter vivos gift after the death of the donor, a plaintiff/donee must show: "donative intent, delivery with intent to surrender present and future dominion, and acceptance by donee" Corey v. Corey, 2002 ME 132, ¶9, 803 A.2d 1014. Defendant argues that Plaintiff is unable to make a prima facie showing of any of the three elements of an inter vivos gift and therefore moves the court to grant Summary Judgment. Plaintiff argues that she has made a prima facie showing and that there are genuine issues of material fact to be determined by a jury.

### Donative Intent

In order to show donative intent of an inter vivos gift, Plaintiff must show donative intent. Donative intent is the donor's "intent to surrender dominion and control over the gift that is being made." Black's Law Dictionary 882 (9th ed. 2009). Defendant argues that Plaintiff cannot show donative intent because Plaintiff, not Mr. MacGregor, filled out all parts of the Check but for the signature line. Therefore,

Defendant argues, Mr. MacGregor did not have full knowledge of the Check and could not have had the intent to give Plaintiff the amount of the Check. Plaintiff alleges that she and Mr. MacGregor had discussed and agreed upon the amount of the gift and they had intentionally left the other spaces on the Check blank in order for Plaintiff to complete with her divorce attorney. The Court finds that whether Mr. MacGregor intended to give Plaintiff the amount of the Check for settlement of her divorce is a factual determination to be determined by a jury. This issue is not appropriate for Summary Judgment.

### Delivery

For a valid delivery of an inter vivos gift,

> the giver must part with all present and future dominion over the property given. He cannot give it and at the same time retain ownership of it. There must be a delivery to the donee or to some one for the donee. And the gift must be absolute and irrevocable without any reference to its taking effect at some future period.

Norway Sav. Bank v. Merriam, 88 ME 146, 149, 33 A. 840 (1895). For the gift in question to be valid, Mr. MacGregor had to intend to give up all claim to the funds at the time of delivery. Before the Court is a dispute as to the facts surrounding the intentions of Mr. MacGregor when he gave Plaintiff the check bearing only his signature. Delivery and Acceptance both depend upon the intentions of the parties, and as such, they are factual questions that must be determined by a jury. The Court finds that Summary Judgment on the matters of delivery and acceptance would be inappropriate.

4

IV.     Conclusion

The Court DENIES Defendant's Motion for Summary Judgment.


DATED: February 25, 2013

_____
John O'Neil, Jr.
Justice, Superior Court

**/s/ John H. O'Neil**

5

ATTORNEYS FOR PLAINTIFF:
GREGORY J ORSO ESQ
ORSO LAW PA
PO BOX 1229
YORK HARBOR ME  03911


ATTORNEY FOR DEFENDANTS:
MATTHEW W HOWELL ESQ
CLARK & HOWELL LLC
PO BOX 545
YORK ME  03909